# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WAYNE MCGEE,<br><br>        Petitioner,<br><br>    v.<br><br>T.L. CAREY,<br><br>        Respondent.<br>_____/ | CV F  05-01103 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

    On September 29, 2000, following a jury trial, in the Fresno County Superior Court, Petitioner was convicted of first degree burglary and attempted robbery. The court found true that Petitioner suffered three serious felony convictions. Petitioner also admitted an additional enhancing allegation. Petitioner was sentenced to forty-two years to life in state prison.

    Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. On March 4, 2002, the Court of Appeal affirmed the conviction and sentence. (Lodged Doc. C.)

    On April 4, 2002, Petitioner filed a petition for review with the California Supreme

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer, and Petitioner's traverse.

1

1  Court.  (Lodged Doc. D.)  The petition was denied on May 15, 2002.  (Lodged Doc. E.)

2        On November 28, 2001, Petitioner filed a petition for writ of habeas corpus with the
3  California Court of Appeal, Fifth Appellate District.  (Lodged Doc. F.)  The petition was denied
4  on May 17, 2002, without prejudice to filing a petition in the superior court.  (Lodged Doc. G.)

5        On July 5, 2002, Petitioner field a petition for writ of habeas corpus with the Superior
6  Court of the State of California, County of Fresno.  (Lodged Doc. H.)  The petition was denied
7  on April 4, 2003.  (Lodged Doc. I.)

8        On May 14, 2003, Petitioner filed a second petition for writ of habeas corpus with the
9  California Court of Appeal, Fifth Appellate District.  The petition was denied on May 23, 2003.[2]

10        On June 19, 2003, Petitioner filed a third petition for writ of habeas corpus with the
11  California Court of Appeal, Fifth Appellate District.  (Lodged Doc. J.)  The petition was denied
12  on March 5, 2004.  (Lodged Doc. K.)

13        On June 28, 2004, Petitioner filed a petition for writ of habeas corpus with the California
14  Supreme Court.  (Lodged Doc. L.)  The petition was denied on May 18, 2005.  (Lodged Doc. M.)

15        Petitioner filed the instant petition for writ of habeas corpus on August 29, 2005.
16  Respondent filed an answer to the petition on December 5, 2005, and Petitioner filed a traverse
17  on February 6, 2006.

18                                 STATEMENT OF FACTS

19        In June of 2000, Delphine Tristan was living at 4837 East Nevada Avenue in Fresno.
20  (RT 126.)  Ms. Tristan's son, George Tristan and his four-year-old daughter were spending the
21  night with her.  (RT 126-128.)  In the middle of the night, Delphine was awakened by the
22  presence of a man in her bedroom.[3]  (RT 135.)  Petitioner pointed something into Delphine's ribs
23  and told her he was going to kill her if she did not give him her purse.[4]  Delphine told Petitioner

---

[2]  Respondents states that he attempted to obtain copies of these documents but was informed by the state court that they were unable to locate the file related to this matter.

[3]  It was later discovered that a screen had been removed from one of Delphine's windows.  (RT 166-167.)

[4]  Delphine had never met Petitioner before and had not given him permission to enter her residence.  (RT 174.)

they should go to the living room where her purse was located. (RT 137, 164.) Petitioner then covered part of his face with his jacket and moved to the door. (RT 138-140.)

Delphine's sone, George, came out of his bedroom and asked, "What the hell's going on?" (RT 141-144.) Delphine stated that Petitioner was trying to kill or rob her. (RT 144.) Petitioner then attempted to flee from the residence but ran into a sliding door. (RT 145-149.) George was able to capture Petitioner and hold him until the police arrived. (RT 149-150, 158-160.)

When Petitioner was placed under arrest for home invasion, he stated, "I didn't do no fucking home invasion. I just did a fucking burglary." (RT 222.) Petitioner was advised of his Miranda rights, and agreed to talk to police. Petitioner claimed that he was staying at his employer's residence at 4711 East Nevada and was planning to spend the night in front of the residence parked in his employer's vehicle. Petitioner claimed the next thing he knew he was being beaten up inside the victim's home.[5]

## DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting

---

[5] There actually was no address of 4711 East Nevada. (RT 266, 270-271.) However, Petitioner's employer did own property at 4911 East Nevada. (RT 404.)

3

Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.      Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness

by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.    Ineffective Assistance of Counsel

Petitioner contends that his trial counsel was ineffective for failing to raise sentencing certain issues related to his 1995 conviction which was used to enhance his sentence.

Petitioner presented this claim to the superior court, Court of Appeal, and California Supreme Court, via state habeas corpus petitions. The superior court, in a written opinion, denied the claim on the merits. (Lodged Doc. I.) The Court of Appeal and California Supreme Court denied the petitions without comment. (Lodged Docs K, M.)

Because the California Supreme Court's opinion is summary in nature, however, this Court "looks through" that decision and presumes it adopted the reasoning of the Superior Court, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's

1  alleged acts or omissions that were not the result of reasonable professional judgment
2  considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348
3  (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges
4  a strong presumption that counsel's conduct falls within the wide range of reasonable
5  professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v.
6  Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).
7  　　　Second, the petitioner must show that counsel's errors were so egregious as to deprive
8  defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must
9  also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's
10 ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356,
11 1461 (9th Cir. 1994). More precisely, petitioner must show that (1) his attorney's performance
12 was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that
13 (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would
14 have been different.
15 　　　A court need not determine whether counsel's performance was deficient before
16 examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.
17 Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since it is necessary to prove
18 prejudice, any deficiency that does not result in prejudice must necessarily fail.
19 　　　Ineffective assistance of counsel claims are analyzed under the "unreasonable
20 application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d
21 1058, 1062 (2000).
22 　　　As Respondent summarizes, Petitioner was charged in this case with three prior
23 convictions within the meaning of California's Three Strikes law. See CT 58-60; Cal. Pen. Code
24 §§ 667, subds. (b)-(I), and 1170.12, subds. (a)-(d). The priors a robbery conviction on February
25 12, 1995, and burglary convictions on November 7, 1989, and September 19, 1980. CT 58-60.
26 After the jury reached its verdict of guilty on the underlying allegations in this case, a court trial
27 was held on the prior conviction allegations and each of the "three strikes" priors was found to be
28 true. RT 497. Under the "three strikes" law, only two such prior convictions are required for a

sentence of twenty-five years to life.

In rejecting Petitioner's claim, the superior court held:

> In the instant case, petitioner must demonstrate a reasonable probability that a different sentence would have resulted, had counsel provided the sentencing court the information available concerning the circumstances of his 1995 conviction. Petitioner has failed to demonstrate that reasonable probability.
> Even if this Court accepts petitioner's argument that his attorney acted incompetently in failing to apprise the sentencing judge of all of the "unusual" circumstances leading up to the petitioner's guilty plea to the 1995 robbery, and that the judge would probably have stricken that prior conviction because of those "unusual" circumstances, petitioner nevertheless fails to demonstrate that a different sentence would have resulted.
> Petitioner acknowledges that the sentencing court found he had suffered three prior "strike" convictions, including that 1995 robbery. Petitioner offers no support for his conclusion that [the sentencing judge] probably would have also stricken one of those two, other, strike convictions.
> Petitioner argues the court "might also have stricken" petitioner's 1980 burglary conviction based on finding that it was 20 years old. The undisputed fact is that the court did not strike that prior conviction, in spite of the fact that it was 20 years old, and in spite of the other reasons relating to petitioner's long term addiction to drugs, all of which was known to the sentencing judge.
> Moreover, the simple fact that the 1980 conviction may be remove (which this court does not find) cannot support the conclusion that the petitioner falls outside the spirit of the three strikes law. The three strikes law itself expressly rejects remoteness as a basis for avoiding the imposition of the sentence. People v. Strong [, 87 Cal.App.4th 328, 342 (2001).]
> Under all of the circumstances presented, Petitioner has not shown a probability that the court would have imposed a lesser sentence, sufficient to undermine confidence in the sentence which the court did in fact impose.
> For all the foregoing reasons, the Court finds that petitioner has failed to demonstrate a reasonable probability that the sentencing judge would have imposed a sentence other than that which was imposed.
> Having failed to demonstrate prejudice resulting from any errors of counsel, the petition is hereby DENIED.

(Lodged Doc. I at 204, footnote omitted.)

The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. To the state court and this Court, Petitioner submitted the declaration of his trial attorney, Roberto Dulce, who declares that in drafting the Romero[6] motion, he "thought that the plea entered in 1995 was valid. There was no indication that [Petitioner] was coerced into the plea or that he entered into an unknowing and unintelligent plea. [¶] Nevertheless, in retrospect, I should have brought to the court's attention the unusual circumstances surrounding [Petitioner's] 1995 conviction. The court could have

---

[6] People v. Superior Court (Romero), 13 Cal.4th 497 (1996).

considered and may have granted the Romero request.  Primarily, I should have brought to the court's attention the fact that a new trial motion was granted on the grounds someone other than [Petitioner] may have committed the 1995 offense. [¶] While the 1995 conviction may have been legally valid, the unusual circumstances surrounding it may have moved the court to grant the Romero motion." (Declaration of Roberto Dulce; Petition, at 44-45.)

Notwithstanding counsel's declaration, even if counsel was ineffective for failing to present the "unusual circumstances" of Petitioner's 1995 conviction, Petitioner has not demonstrated any resulting prejudice under Strickland.  The state court properly identified and analyzed the relevant United States Supreme Court precedent as set forth in Strickland v. Washington, 466 U.S. 668.  As previously stated herein, Petitioner was found to have suffered three prior strike convictions.  Only two prior strike convictions are required for a twenty five year to life sentence.  Thus, as stated by the state court, in order for Petitioner to demonstrate prejudice in this case, he must demonstrate that the court would not have only stricken his 1995 conviction, but also one other conviction.  Petitioner continues to argue that his 1980 burglary conviction may have been stricken because it was 20 years old.  However, as stated by the state court, the simple fact is that the conviction was not stricken by the trial court due to its remoteness in time.  Petitioner's claim that the trial court would have stricken one of the other two priors is nothing more than pure speculation.  Accordingly, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

With respect to Petitioner's motion for evidentiary hearing, the Court finds such a hearing unnecessary.  As discussed above, the existing state court record is more than sufficient to resolve Petitioner's claims. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir.1999); Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir.1998); Villafuerte v. Stewart, 111 F.3d 616, 633 (9th Cir.1997) (A petitioner's request to have a federal court hear the same evidence heard by the state court in the state habeas proceeding is not a valid reason for an evidentiary hearing.); Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.1994) (An evidentiary hearing is not required on issues that can be resolved by reference to the state court record.).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED;

2. Petitioner's request for an evidentiary hearing be DENIED (Court Doc. 16); and

3. The Clerk of Court be directed to enter judgment in favor of Respondent.

These Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 24, 2007**          /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE